The United States Court of Appeals for the Ninth Circuit is now in session. Pellet Commissioner Pete L. Shaw presiding. Okay, good afternoon. This is United States v. Carl Chester, No. 17-10181. This is a hearing concerning Mr. Chester's request to represent himself on the appeal of the Ninth Circuit. And this hearing is being conducted by videoconference from San Francisco at the headquarters of the Ninth Circuit Court of Appeals. And Mr. Chester is appearing by videoconference from the Federal Correctional Facility at Victorville. And the United States, Assistant United States Attorney has notified the court that the government takes no position on Mr. Chester's request. And so we're here to determine whether the court should exercise its discretion to allow Mr. Chester to represent himself. And I think I'd like to begin, Mr. Chester, by having the courtroom deputy administer the oath. Because I want all of your comments to be under penalty of perjury. Proceed. Would you please raise your right hand? Do you solemnly affirm that the statements you are about to make in this case now before this court will be the truth, the whole truth, and nothing but the truth? And this you do with the pains and penalties of perjury? I do. All right. So, Mr. Chester, this proceeding is being recorded in the event that there's any need to obtain a transcript of the proceedings. I don't envision that will be necessary. Do you have any physical or mental impairments, Mr. Chester, that would affect your ability to participate fully and knowingly in the proceedings today? No. Are you under the influence of any medication? No. Are you able to hear me and to respond freely? Yes. Good. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal. And to make sure that your request to represent yourself is knowing, intelligent, and unequivocal. Do you understand that? Yes. You have the right to counsel in this appeal. If you cannot afford to retain counsel, you are entitled to have counsel represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal, and not intended to delay the proceedings. In determining whether the court will exercise its discretion to allow you to represent yourself, the court will first inform you of the dangers and disadvantages of self-representation on appeal. Second, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the court in deciding the case. And third, inquire whether granting self-representation could unduly burden the court or undermine the integrity of the outcome. Do you understand that? Yes. You may withdraw your request to represent yourself, and in that event, I will appoint counsel to represent you. The Court of Appeals does not, however, allow the appointment of advisory or standby counsel, so I'm not going to allow you to represent yourself and simultaneously have counsel appointed to assist you. Do you understand that? Yes. All right. So, we've been down this road before, I remember. That was a little different context. That was at 2055, if I recall correctly. Here we have a direct appeal. We have your attorney has been relieved, Mr. Valenzuela has been relieved because he has withdrawn from the Criminal Justice Act panel, and I granted his request to withdraw the case. And I've had an opportunity to look at your brief in this case, and I have considered the posture of the case, including the nature of the issues, the amount of sentence that's remaining before your release date. So, my inclination at this stage is to grant your request to represent yourself and let this case go forward, or at least to recommend to a panel of judges that they grant your request to represent yourself. So, I just wanted to let you know that that's my sense. But before I can do that, I need to go through with you a description of the dangers and disadvantages of self-representation on appeal to make absolutely certain that you are waiving your right to counsel with full knowledge of what that means in this context. So, I'm going to go through a colloquy now, a description of the dangers and disadvantages, and I want you to listen to that. And I invite you to ask me any questions. I'll stop periodically, and if you have any questions, I encourage you to ask me. Because I realize, I kind of understand where you're coming from now, but I want to make sure that what you do today actually represents your judgment, knowing exactly what's on the table, as it were. Do you understand all that? Yes. Okay. So, and I don't mean to insult your intelligence either. I know much of this you probably already know. I just want to make a record that you've received this information today. So, to begin with, an appeal is different from a trial. The proceedings occur mainly through written submissions, the briefs. Those briefs have to comply with specific court rules. And if you represent yourself, you will be expected to comply with those rules, and your appeal could be dismissed if you do not comply. Do you understand that? Yes. Okay. And just as an aside, I've looked at your brief. I don't see any problem with complying with any of those court rules I just mentioned. So, I don't think that this would be a particular problem. Okay, next. On appeal, you have to obtain and review the transcript of the trial proceedings and identify the potential legal errors committed at trial or by the district court, even if there wasn't a trial. The issues on appeal are limited to addressing what occurred in the district court. The court of reveals does not consider new evidence. So, identifying the appropriate issues requires legal knowledge and sophisticated analytic ability. If you fail to identify a legal issue, you may be barred from raising that issue again. Do you understand that? Yes. You will also be required to support any assertion of error with legal authority. That means you have to be able to research and understand the provisions of the Constitution, federal statutes and rules, and the cases from the relevant courts that have discussed the area of the law. This task requires familiarity with legal research techniques. Do you understand that? Yes. Okay. There are also strategic determinations that come into play in any appeal. For example, you might identify a large number of issues, but a good strategy would be really to focus on one issue rather than a lot of peripheral issues. And sometimes when you have too many issues, it kind of detracts from the main issue. There's also a whole line of strategy involving how you present an issue to the court, how you portray the facts, how you apply the legal analysis to the facts. All of that involves sort of the art of appellate advocacy. Do you understand what's entailed there? Yes. It's very challenging, too. The lawyers who have been selected to serve on our appellate panels have years of training and experience in developing that art. That's why they're on those panels. If you represent yourself, you're going to have to try and accomplish the same end, but without all that training and experience. Do you understand that risk that you run? Yes. Do you understand that? Yes. Do you understand that? Yes. All right. If counsel were to represent you, counsel would prepare a brief. If counsel reviews the record and concludes there are no arguable issues, counsel would file a brief to that. In fact, we call that an Anders brief after a case called Anders. And if counsel were to file such a brief, you would be entitled to file a supplemental brief. But if you had counsel appoint to represent you and counsel filed a brief stating that there was some issue that could be meritorious, in that event, you would not be able to file a brief. Do you understand that? Yes. All right. So that is my recitation for your benefit of the dangers and disadvantages of self-representation. That is, this is what the court expects of lawyers and what it will expect of you if you're granted leave to represent yourself. Do you have any questions about anything that I've said? No. All right. Do you understand in your mind the dangers and disadvantages of self-representation? Yes. All right. And knowing the dangers and disadvantages of self-representation, is it still your request that the court allow you to represent yourself? Yes. All right. All right. So, Mr. Chester, I'm going to prepare a recommendation that the court exercises discretion to allow you to represent yourself. And I would also recommend that the court file this latest brief that we received from you that's received in this court on November 17th. Is it your request that that brief be, in the event you're allowed to represent yourself, that that brief be filed as your opening brief? Did you, did the court receive a brief, an updated version of the same brief within the last week or two? Oh, I'm sorry. Yes, we did. January 16th. I'm sorry. I misspoke. Yes. We did. I'm sorry. Yes, we did receive the, I'm sorry. We received one on January 16th. Sorry about that. Okay. Did it include the excerpt of records? Yes. Yes. Yes. Now, that's the brief. All right. So, I will recommend that the court file this as your opening brief, file the excerpts of record, and allow the government the usual time to file the answering brief. All right. Thank you. Do you have any questions? No. All right. Okay. Are any of the prison folks there who set up the hearing? Yeah. Hey there. Well, thank you. I just wanted to express my thanks and the thanks of the Court of Appeals for facilitating this hearing. It was very helpful, and we're now concluded with it. But please convey my thanks to all the folks who played a role in making this happen on your end. Absolutely, sir. Have a great day out there. Thank you. And thank you, Mr. Chester, and good luck to you. All right. Thank you, too. Okay.
judges: Appellate Commissioner Shaw